UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SURINDER CHABRA, PARVINDER CHABRA,
and NARINDER CHABRA,

                        Plaintiffs,

    -against-                            MEMORANDUM & ORDER
                                         12-CV-1113(JS)(ARL)
MAPLEWOOD PARTNERS, L.P.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Howard W. Burns, Esq.
                     Law Offices of Howard W. Burns Jr.
                     170 Broadway, Suite 609
                     New York, NY 10038

For Defendant:       Scott Michael Kessler, Esq.
                     Akerman Senterfitt LLP
                     666 Fifth Avenue, 20th floor
                     New York, NY 10103

SEYBERT, District Judge:

        Pending before the Court is (1) a motion filed by plaintiffs Surinder Chabra, Parvinder Chabra, and Narinder Chabra (collectively, "Plaintiffs") seeking to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2) (Docket Entry 80); (2) a cross-motion filed by defendant Maplewood Partners, L.P. ("Defendant") for sanctions (Docket Entry 81); (3) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiffs' motion and deny Defendant's motion (Docket Entry 92); and Defendant's Objection to Judge Lindsay's R&R (Docket Entry 93.)  For the

following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety and OVERRULES Defendant's Objection.

BACKGROUND

This action arose following the collapse of AMC Computer Corporation ("AMC"). Plaintiffs previously owned all of AMC's outstanding shares. (R&R at 2.) In the year 2000, however, Defendant and its managing partner acquired a controlling interest in AMC. (R&R at 2.) After the acquisition, Defendant marginalized Plaintiffs' roles in AMC and made business decisions that ultimately led to AMC's demise. (R&R at 2.)

During discovery, Plaintiffs were compelled by Defendant to withdraw one claim after another when it was revealed that each claim was meritless. (See R&R at 5-8.) For example, the First Amended Complaint alleged that Defendants' managing partner and a limited partner made fraudulent representations in June 2003 concerning an emergency loan that Surinder Chabra allegedly made to AMC. (R&R at 6.) But documents produced during discovery revealed that a company called Paran Realty actually made the loan to AMC, not Surinder Chabra. (R&R at 6.) Plaintiffs eventually agreed to voluntarily dismiss their claims concerning the loan. (R&R at 7.) Defendant accomplished the voluntarily dismissal of a substantial number of Plaintiffs' claims by serving Plaintiff with Rule 11 motions. (See R&R at 8.)

On August 18, 2015, Plaintiffs filed a motion seeking to dismiss all of the remaining claims in this case. (Docket Entry 80.) Subsequently, in September 2015, Defendant cross-moved for sanctions. (Docket Entry 81.) On October 9, 2015 the undersigned referred Plaintiffs' motion to Magistrate Judge Arlene R. Lindsay for an R&R on whether the motion should be granted. (Docket Entry 89.)

On January 12, 2016 Judge Lindsay issued her R&R. (Docket Entry 92.) The R&R recommends that the Court grant Plaintiff's motion seeking to voluntarily dismiss Plaintiffs' remaining claims and deny Defendant's motion for sanctions. (R&R at 18.) Judge Lindsay reasoned that Defendant's sanctions motion should be denied because "there is no clear evidence in the record to suggest that counsel failed to conduct any investigation prior to filing Plaintiffs' claims or that counsel had knowledge that the pleadings contained any false allegations." (R&R at 17.)

On January 26, 2016 Defendant filed an Objection to Judge Lindsay's R&R. (Objection, Docket Entry 93.) Defendant argues that its sanctions motion should be granted because there is significant evidence that Plaintiffs filed this case in bad faith. (Objection at 7.)

## DISCUSSION

The Court will first discuss the relevant standard of review before addressing Defendant's Objection more specifically.

I. <u>Standard of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of receiving the recommended disposition. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. <u>See</u> <u>Barratt v. Joie</u>, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a <u>de novo</u> review of any contested sections of the report. <u>See</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51

4

(E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Defendant's Objection

Defendant objects to the R&R on the grounds that Judge Lindsay failed to "consider the entire record of Plaintiffs' and their counsel's cavalier pattern of failing to appropriately investigate the claims asserted in this case." (Objection at 1.) However, Defendant rehashes the exact same points in his Objection that he made in his original motion for sanctions. (Compare Def.'s Objection at 3-4 with Def.'s Br., Docket Entry 82, at 2-3.) Judge Lindsay already analyzed the conduct Defendant claims is sanctionable, and found insufficient evidence to conclude that Plaintiffs' claims were clearly baseless at the start of the case. (R&R at 17.)

Defendant argues that this case is exactly like the plaintiff's conduct in Reichmann v. Neumann, 553 F. Supp. 2d 307, 309 (S.D.N.Y. 2008), where defense counsel wrote a letter to plaintiff's counsel enclosing a settlement agreement that should

5

have put the plaintiff and his attorneys on notice that the claims lacked merit. Id. at 320 (See Objections at 8). There, the plaintiff pursued the case and repeatedly changed his legal theories until documents produced by a third party ultimately foreclosed the claims. Id. at 319. The Court found that sanctions were warranted because it was clear from the outset of the litigation that the plaintiff's claims lacked merit, but plaintiff's attorneys failed "to investigate any of the obvious and accumulating clues to the truth." Id. at 321. This case is distinguishable from the conduct in Reichmann because there is no evidence that Plaintiff's counsel was put on notice at the beginning of the case that their claims lacked merit. Rather, Plaintiffs agreed to drop each of their claims during discovery. Although it is troubling that Defendants were forced to file numerous Rule 11 motions to compel Plaintiffs to withdraw their claims, Plaintiffs did in fact withdraw the claims pursuant to Rule 11's safe harbor provision. Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012) (explaining that the purpose of the safe harbor provision is "to give the opponent notice and an opportunity to consider withdrawing the filing without the court's involvement"). Since Defendant cannot point to any evidence or law that Judge Lindsay overlooked, the Court will not disturb Judge Lindsay's

conclusion that sanctions are not warranted here.  Therefore, Defendant's Objection is OVERRULED.

CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R (Docket Entry 92) is ADOPTED in its entirety; Plaintiff's motion to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2) (Docket Entry 80) is GRANTED; and Defendant's cross-motion for sanctions (Docket Entry 81) is DENIED.  The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March   7  , 2016
           Central Islip, New York

7